## Corporations for Title Insurance.

WAGNER, Dep. Att'y-Gen., Aug. 29, 1929.—We beg to acknowledge receipt of your letter of Aug. 6th, in which you ask to be advised:

1. Whether a corporation organized "for the insurance of owners of real estate, mortgagees and others interested in real estate from loss by reason of defective titles, liens and. encumbrances" may. be incorporated under the Act of April 29, 1874, P. L. 73, as amended by the Acts of July 9, 1901, P. L. 624, and May 11, 1909, P. L. 515, with a nominal capital and the right and power of transacting a title insurance business only; and

2. Whether a corporation incorporated "for the insurance of owners of real estate, mortgagees and others interested in real estate from loss by reason of defective titles, liens and encumbrances," pursuant to the provisions of said Act of 1874, may engage in such business with a capital of less than $125,000, and without having first accepted the provisions of the Act of May 9, 1889, P. L. 159?

The two questions which you have asked are so closely related that it is advisable to answer them together.

Section 2 of the Act of 1874, referred to above, as amended from time to time, sets forth the purposes for which corporations may be formed under the provisions of the act. Clause XIX of Subdivision 2 of said Section 2 has not been changed since 1874 and reads as follows:

"XIX. The insurance of owners of real estate, mortgagees and others interested in real estate from loss by reason of defective titles, liens and encumbrances."

Clause XVIII of Subdivision 2 of said Section 2 covers the incorporation of companies for the purpose of carrying on a mechanical, mining, quarrying

or manufacturing business. This clause, by the amendment contained in the Act of July 9, 1901, P. L. 624, was expanded to include the incorporation of a company "for the transaction of any lawful business not otherwise specifically provided for by Act of Assembly."

Clause XX of Subdivision 2 of said Section 2 was amended by the Act of May 11, 1909, P. L. 515, to provide for the incorporation of a company "for any lawful purpose not specifically designated by law as the purpose for which a corporation may be formed."

In view of the fact that the incorporation of title insurance companies is specifically provided for under clause XIX of Subdivision 2 of Section 2 of the Act of 1874, it is our opinion that no corporation for the purpose of transacting the business of such a company may be organized under the provisions of clauses XVIII or XX of Subdivision 2 of said Section 2.

Nor, in our opinion, is it lawful for a corporation organized under the provisions of clause XIX, referred to above, to transact business with a capital of less than $125,000, or without having first accepted the provisions of the Act of May 9, 1889, P. L. 159, referred to above. While clause XIX states the purposes for which a title insurance company may be formed, the powers of such company were set forth in Section 29 of the Act of April 29, 1874. This Section 29 was amended by the Act of 1889, referred to above, and one of the powers conferred by Section 29, as amended by the Act of 1889, is: "First, to make insurances of every kind pertaining to or connected with titles to real estate, and to make, execute and perfect such and so many contracts, agreements, policies and other instruments as may be required therefor."

This language is practically identical with that contained in Section 29 as originally enacted in 1874. The Act of 1889 added numerous other powers, including the power to act as fiduciary, to transact a trust business and to become surety and security in certain designated instances.

Paragraph 13 of clause I of Section 29, as amended by the said Act of 1889, contains the following proviso: "Provided, however, . . . that before exercising any of the powers hereby conferred, each such corporation shall have a paid-up capital of not less than one hundred and twenty-five thousand dollars, . . . and each such company . . . shall file in the office of the Secretary of the Commonwealth a certificate of its acceptance hereof. . . ."

It will be noted that the requirements of a minimum capital of $125,000 and the acceptance of the Act of 1889 are necessary before corporations incorporated as title insurance companies may exercise *any of the powers hereby conferred.* One of the powers conferred by the Act under discussion is the power to make insurances pertaining to or connected with titles to real estate, and it would seem evident that before such power may be exercised the corporation desiring to exercise it must comply with the requirements above set forth.

In view of the above, the answer to both of the questions propounded by you is in the negative, and you are, therefore, advised that a corporation incorporated "for the insurance of owners of real estate, mortgagees or others interested in real estate from loss by reason of defective titles, liens and incumbrances," must be organized under the provisions of Clause XIX of Subdivision 2 of Section 2 of the Act of April 29, 1874, P. L. 73, and that such a corporation is not authorized to exercise any of the powers conferred upon it by Section 29 of the said Act of 1874 without having a minimum capital of $125,000, and without having first accepted the provisions of the Act of May 9, 1889, P. L. 159.

From C. P. Addams, Harrisburg, Pa.